UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NADER FARARJI,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

                            /

Case No. 8:06-CV-1764-T-27TGW
Crim Case No. 8:03-CR-490-T-27TGW

## ORDER

**BEFORE THE COURT** is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate Sentence (CV Dkt. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, the Court has undertaken a preliminary review of the motion and the prior proceedings in the underlying criminal case. Upon review, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is not entitled to relief. Therefore, the Court does not require a response to the motion from Respondent.

Petitioner was charged by Indictment with conspiracy to traffic in contraband cigarettes in violation of 18 U.S.C. § 371. (CR Dkt. 34). Petitioner pleaded guilty pursuant to written plea agreement which contained a valid appeal waiver clause. (CR Dkts. 137, 191). On October 28, 2004, Petitioner was sentenced to 24 months imprisonment to be followed by 24 months of supervised release. (CR Dkts. 263, 269). Petitioner's appeal was dismissed by the Eleventh Circuit Court of Appeals based on the appeal waiver clause in his plea agreement. (CR Dkt. 428). Petitioner filed

-1-

the instant Motion Under 28 U.S.C. § 2255 to Vacate Sentence on September 23, 2006. (CR Dkt. 481; CV Dkt. 1). The motion is timely.

By virtue of the appeal waiver clause in his plea agreement, Petitioner waived the right to collaterally attack his sentence "on any ground," except those specified in the agreement, none of which are applicable here. That waiver includes the right to challenge his sentence collaterally in the context of a § 2255 petition. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). Even if it were not barred, Petitioner is entitled to no relief.

In his motion, Petitioner contends that the elimination of the Bureau of Prisons' Shock Incarceration Program (18 U.S.C. § 4046) "constitutes an increase in punishment," arguing that his eligibility for that program and the potential for a reduced sentence upon successful completion of the program was "a significant factor entering into both the defendant's decision to plea bargain and the judge's calculation of the sentence to be imposed." Petitioner's contentions are without merit and are belied by the record.

The United States Bureau of Prisons determines and designates a defendant's place of confinement. 18 U.S.C. § 3621(b). Likewise, the Bureau of Prisons determines a federal prisoner's eligibility for available programs. These determinations relate to prison administration and not the validity of Petitioner's underlying conviction and sentence. *See Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). The district dourt has no authority over where a defendant is designated or what programs he is eligible for. The court can only make non-binding recommendations to the Bureau of Prisons, as it did in this case.

Petitioner acknowledges that the sentencing judge recommended to the Bureau of Prisons that he be confined at Lompoc, California, *"or in the alternative,* a boot camp program if he is

eligible." (CR. Dkt. 269)(emphasis added). The District Court's recommendation was followed by

the Bureau of Prisons. Petitioner is confined at USP Lompoc. (CR Dkt. 474). That the Shock

Incarceration Program, or "boot camp," has been eliminated does not undermine the sentence

imposed or contemplated by the Court. Moreover, Petitioner's Rule 11 plea colloquy establishes that

he entered a knowing and voluntary guilty plea without regard to any promises or assurances other

than those contained in his plea agreement. (CR Dkt. 414, pp. 68-72).[1] Petitioner does not contend

that his guilty plea was not a knowing and voluntary plea or that he would not have entered a guilty

plea but for the availability of the Shock Incarceration Program. Petitioner's disappointed

expectation with the elimination of that program does not provide a basis on which to challenge the

validity of his underlying conviction and sentence. Therefore, it is

> **ORDERED AND ADJUDGED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate

Sentence (CV Dkt. 1) is DENIED. The clerk is directed to enter judgment against Petitioner and

close this case.

> **DONE AND ORDERED** in chambers this _27th_ day of November, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Petitioner
Counsel of Record

---

[1] Further, at sentencing, the Court recommended that "if this defendant is eligible, he be *considered* for placement in the shock treatment or intensive confinement program. The – I'm not sure he's eligible under their criteria." (Dkt. 313, p. 97) (*emphasis added*). Counsel then inquired of the Court, "Is that the boot camp? . . . If he could do boot camp, that would be fine. I'm not sure he could [do] that." (Id.) The Court further stated, "He may not qualify for boot camp because of the eligibility criteria the bureau looks at. But that, of course, is subject to change, and I surely don't want to predetermine or prejudge that. That is up to the Bureau of Prisons. . . . So I'll do an *alternative* designation to the Bureau. Lompoc if committed and that, if eligible, he be considered for the boot camp." (Id.) (*emphasis added*).